JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 16-3593 PA (RAOx) | Date | May 26, 2016 |
|---|---|---|---|
| Title | Chad Mooers, et al. v. SimplexGrinell, LP, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant SimplexGrinnell, LP ("Defendant") on May 23, 2016.  (Docket No. 1.)[1/]  Defendant asserts that this Court has jurisdiction over the action brought against it by plaintiffs Chad Mooers ("Mooers"), Kyle M. Montalto ("Montalto"), Rick S. Urban ("Urban"), and Juan E. Gomez ("Gomez") (collectively "Plaintiffs") based on the Court's diversity jurisdiction.  See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  Id.  For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

---

[1/]   According to defendant SimplexGrinnell it is erroneously sued as SimplexGrinell.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3593 PA (RAOx) | Date | May 26, 2016 |
|---|---|---|---|
| Title | Chad Mooers, et al. v. SimplexGrinell, LP, et al. | | |

      The Notice of Removal alleges that "Plaintiffs were at all times relevant, and still is [sic], a resident of the State of California, County of Los Angeles.  Complaint, ¶ 1.  Accordingly, Plaintiffs are citizens of the State of California for purposes of this removal." (Notice of Removal ¶ 3.)  The cited portion of the Complaint states only that "Plaintiffs were formerly employed as field technicians by SimplexGrinnell in Los Angeles County, and who have [sic] resided in California at all times relevant hereto."  Because an individual is not necessarily domiciled where he or she resides, Defendant's allegation that Plaintiffs are California residents is insufficient to establish Plaintiffs' citizenship.  See Kanter v. Warner-Lambert Co., 265 F.3d at 857.  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient.").  As a result, Defendant's allegations are insufficient to invoke this Court's diversity jurisdiction.

      Defendant must also establish, for at least one Plaintiff, that the amount in controversy exceeds $75,000.  See Carey v. S.J. Louis Const., Inc., No. 2:10–cv–2017–GEB–GGH, 2010 WL 3853348, at *4 (E.D. Cal. Sept. 30, 2010) (citing Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 549, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005)).  When an action has been removed and the amount in controversy is in doubt, there is a "strong presumption" that the plaintiff has not claimed an amount sufficient to confer jurisdiction.  Gaus, 980 F.2d 564, 566 (9th Cir. 1992) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90, 58 S. Ct. 586, 590–91, 82 L. Ed. 845 (1938)).  "When not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).  "Conclusory allegations as to the amount in controversy are insufficient." Id. at 1090-91.  "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

      Here, Defendant claims that "it is clear from the scope of the relief sought that three out four [sic] of the Plaintiffs have claims that individually satisfy the jurisdictional requirement using a conservative attorney fee estimate of 25% of the ultimate recovery." (Notice of Removal ¶ 29.)  Defendant also cites cases purportedly establishing that "it is not unusual in single plaintiff wage and hour case [sic] for attorney fees, without more, to exceed the jurisdictional requirement." (Id.)  Defendant's calculations show that no individual Plaintiff seeks damages and penalties in excess of $75,000 without counting attorneys' fees.  There a split of authority in the Ninth Circuit as to whether anticipated attorneys' fees are to be considered for purposes of determining the amount in controversy.  See Reames v. AB Car Rental Servs., 899 F. Supp. 2d 1012, 1020 (D. Or. 2012) ("It appears that a nascent consensus may be emerging among the district courts of the Ninth Circuit that the split between the Conrad/Faulkner and the Simmons/Brady lines of cases may best be resolved by adoption of the Conrad/Faulkner reasoning that attorney fees anticipated but unaccrued at the time of removal are not properly in controversy for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3593 PA (RAOx) | Date | May 26, 2016 |
|---|---|---|---|
| Title | Chad Mooers, et al. v. SimplexGrinell, LP, et al. | | |

jurisdictional purposes."); Kidner v. P.F. Chang's China Bistro, Inc., No. EDCV 15–287 JGB (KKx), 2015 WL 2453523, at *5-*6 (C.D. Cal. May 21, 2015) (adopting reasoning in Reames); Gomez v. CarMax Auto Superstores California, LLC, No. 2:14–cv–09019 CAS (PLAx), 2015 WL 1967078, at *2 (C.D. Cal. Apr. 30, 2015) (same).  In any event, Defendant has neither offered evidence of Plaintiffs' accrued attorneys' fees nor attempted to analogize the facts of this case to the cases cited to establish the attorneys' fees that might ultimately be at issue.  Accordingly, the Court cannot find that it is more likely than not that the amount in controversy exceeds $75,000.

Therefore, Defendant has failed to meet its burden to demonstrate the Court's diversity jurisdiction.  Accordingly, the Court remands this action to Los Angeles County Superior Court, Case No. BC617743.  See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.